ACCELERATED JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant, Daniel Bobish ("Bobish"), appeals the trial court's decision which denied his motion for relief from judgment.[1]
 {¶ 2} For the purposes of this appeal, the relevant facts, both substantive and procedural, are as follows: Sean Crosby ("Crosby") filed a complaint against numerous defendants, including Slyders bar ("Slyders"), Bobish, who was an employee of Slyders, and appellee, North Pointe Insurance Co. ("North Pointe"), Slyders' insurer. Crosby alleged that Slyders and Bobish negligently or intentionally caused him harm when he became involved in a fight with Bobish, employed as a bouncer at Slyders, which resulted in injuries to Crosby. During discovery, Crosby testified at his deposition that he was picked up from behind and dropped on his head. Upon hearing this testimony, on February 20, 2003, North Pointe, who had been defending Slyders under a reservation of rights, filed a motion for leave to file its "Counterclaim, Cross-Claim for Declaratory Judgment," seeking the trial court to determine whether it owed a duty to defend or indemnify Slyders under the insurance policy's "assault and battery" exclusion, which precluded coverage for damage resulting from offensive contact of any kind.[2] At the same time it filed its motion for leave, North Pointe filed its "Counterclaim, Cross-Claim for Declaratory Judgment," asserting in its cross-claim that if Bobish's actions are deemed to be the result of offensive contact, North Pointe has no duty to defend Slyders (and its employees) against Crosby's claims. On March 12, 2003, North Pointe filed its motion for summary judgment.
 {¶ 3} Thereafter, on May 2, 2003, the trial court granted North Pointe's motion for leave to file their "Counterclaim, Cross-Claim for Declaratory Judgment" and 11 days later, before Bobish filed his answer to the cross-claim, the trial court granted North Pointe's motion for summary judgment. Specifically, the trial court found that North Pointe had no duty to defend Slyders based on the "assault and battery" exclusion in the insurance policy or for damages resulting from offensive contact. On June 24, 2003, the trial court granted North Pointe's motion requesting the "no just reason for delay" language to be added to the journal entry granting it summary judgment.
 {¶ 4} Bobish filed his motion for relief from judgment, asserting, inter alia, that the subject matter jurisdiction of the trial court was not invoked when it granted summary judgment to North Pointe, as North Pointe had not filed its "Counterclaim, Cross-Claim for Declaratory Judgment" after the trial court granted it leave to do so. Upon motion by North Pointe, the trial court issued a nunc pro tunc entry that deemed the trial court's granting of the motion for leave to have been effective February 20, 2003. Also, on January 8, 2004, the trial court denied Bobish's motion for relief from judgment. It is this denial that Bobish asserts his appeal.
 {¶ 5} Although Bobish asserts two assignments of error, the analysis of both is similar and will be addressed together. First, Bobish contends that the trial court committed reversible error when it denied his motion for relief from judgment, as the trial court did not have subject matter jurisdiction to grant North Pointe's motion for summary judgment. Second, Bobish contends that the trial court committed reversible error when it issued its nunc pro tunc journal entry to make its grant of leave for North Pointe to file its "Counterclaim, Cross-Claim for Declaratory Judgment" effective on the date the motion for leave was filed. We find Bobish's contentions well-taken.
 {¶ 6} Civ.R. 60(B) provides in whole:
 {¶ 7} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 8} The Supreme Court of Ohio held in GTE AutomaticElectric, Inc. v. Arc Indus., Inc. (1976), 47 Ohio St.2d 146,150-151, 351 N.E.2d 113, that in order to prevail on a motion under Civ.R. 60(B), the movant must demonstrate that:
 {¶ 9} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 10} While Bobish argues that the trial court lacked subject matter jurisdiction to issue summary judgment in favor of North Pointe without North Pointe filing its "Counterclaim, Cross-Claim for Declaratory Judgment" after it was granted leave to do so, error lies in the trial court's premature grant of summary judgment to North Pointe. Civ.R. 56(A) provides that a party may move for summary judgment "at any time after theexpiration of the time permitted under these rules for aresponsive motion or pleading by the adverse party * * *." When the trial court granted North Pointe's motion for leave — which was not filed instanter — North Pointe should have filed its "Counterclaim, Cross-Claim for Declaratory Judgment" and served it upon the parties. Within 28 days of service, Bobish should have filed and served his answer to the cross-claim. See Civ.R. 12(A)(2).
 {¶ 11} However, there is nothing in the record that demonstrates that North Pointe served its "Counterclaim, Cross-Claim for Declaratory Judgment," which was filed before leave was granted by the trial court, as a certificate of service is absent. North Pointe served on the parties only its motion for leave to file its "Counterclaim, Cross-Claim for Declaratory Judgment." Without service of the "Counterclaim, Cross-Claim for Declaratory Judgment," the time period for which Bobish had to file and serve his answer to the cross-claim was not triggered and there was no cross-claim on which the trial court could render judgment. Thus, Bobish's failure to file and serve his answer to the cross-claim is excusable neglect under Civ.R. 60(B)(1).
 {¶ 12} Moreover, the trial court's nunc pro tunc entry deeming its grant of leave effective on February 20, 2003 is spurious, as it eviscerates Bobish's claim that the trial court improperly granted summary judgment to North Pointe before Bobish filed and served his answer to the cross-claim. In essence, the nunc pro tunc entry prejudiced Bobish by requiring him to have answered the cross-claim within 28 days of February 20, 2003 (subjecting him to a motion for default judgment). By entering summary judgment within 11 days of the nunc pro tunc entry, the trial court further prejudiced Bobish by considering North Pointe's cross-claim without allowing Bobish the benefit of responding to the cross-claim pursuant to Civ.R. 12(A)(2). Because the trial court did not adhere to the civil rules when it granted summary judgment to North Pointe, we reverse the trial court's denial of Bobish's Civ.R. 60(B) motion for relief from judgment and remand this matter to the trial court for further proceedings consistent with this opinion.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellees his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J, and Karpinski, J., Concur.
[1] Bobish also asserted in his notice of appeal that the trial court erred in issuing a nunc pro tunc entry on June 24, 2003, granting North Pointe Insurance Company's motion for leave to file a counterclaim and cross-claim for declaratory judgment effective February 20, 2003 and granting North Pointe Insurance Company's motion to summary judgment. However, this court, sua sponte, dismissed Bobish's appeal "pursuant to App.R. 4(A) as to the 6/24/03 order based on the finding of `no just reason for delay'" and ordered that Bobish's appeal will "go forward as to the 1/08/04 order on the sole issue of the denial of defendant Daniel Bobish's Civ.R. 60(B) motion."
[2] Although North Pointe's motion for leave to file its "Counterclaim, Cross-Claim for Declaratory Judgment" states that a copy of the "Counterclaim, Cross-Claim for Declaratory Judgment" is attached as Exhibit B, a review of the record reveals that it is not attached, nor is there any language that North Pointe sought leave instanter.